## York County Commissioners' Appeal.

*Samuel Kurtz*, for rule;  *George S. Love*, contra.

SHERWOOD, J., Oct. 22, 1928.—This is a rule to show cause why the county commissioners' appeal from the report of viewers in No. 1 of January Sessions, 1928, should not be stricken off.

At the instance of Jacob C. Kauffman viewers were appointed to ascertain and assess the damages to his property by reason of the opening, reconstruction, relocation and improvement of State highway known as Route No. 332. Report of the viewers was duly filed April 18, 1928, awarding damages to said Kauffman. On May 18, 1928, the county commissioners presented their appeal in regular form, demanding a jury trial, to Henry C. Niles, President Judge, at chambers. The president judge made the following order: "May 18, 1928, the within appeal to the Court of Common Pleas is allowed and ordered filed. Henry C. Niles, P. J." The appeal allowed by the president judge was not delivered to the clerk until after the expiration of the thirty-day period. The petition to strike off the appeal was filed July 16, 1928, upon which rule was

granted as above indicated. An answer was filed to this rule by the county commissioners on Aug. 6, 1928.

By agreement of counsel, the argument on petition and answer was limited to the second exception filed, to wit: "Second, Because if such right of appeal does exist, said appeal of the board of county commissioners in this case has not been taken, perfected and filed within thirty days after the filing of said report; and the allowance thereof *nunc pro tunc* will work irreparable injury to your petitioner and deny him the protection of the laws of this Commonwealth."

Appeals from reports of viewers are now regulated by the Act of May 10, 1921, P. L. 428, which provides: "That in all proceedings before viewers for the assessment of damages . . . when the report of viewers has been filed in court, it shall be the duty of such court to confirm such report absolutely at the expiration of thirty days after the filing thereof . . . unless an appeal from such report, or any portion thereof, is taken, and demand for a jury trial is made before the expiration of such period of thirty days by any such party interested." It is to be noticed that the act is silent on the manner of filing the appeal. The court might have provided by rule how such an appeal might be taken and filed, but there is no rule of court on this subject. The only qualification under the act is that appeals must be taken within thirty days after the filing of the report of viewers. In the instant case, this was done by the presentation of the appeal to the president judge within the thirty-day period.

This is not a case of the court attempting to enlarge the time of taking the appeal beyond the thirty-day period, as provided by act of assembly. It presents the sole question of whether the order of the court allowing the appeal and ordering it filed within the statutory period was a taking of an appeal by the county commissioners.

It is significant to bear in mind that the act provides for final confirmation of such report of viewers at the expiration of thirty days after the filing thereof, in the absence of exceptions or appeal within said statutory period. The report of the viewers has not been finally confirmed. The president judge of this court having allowed an appeal, it seems to follow that any action on the part of the petitioner for final confirmation of the report of viewers would be fruitless, due to the knowledge that the court had that it had allowed an appeal. Is the allowance of the appeal by the court to be stricken off simply because its messenger (in this instance, the solicitor for the county commissioners) failed to deliver said appeal to the clerk until after the expiration of the thirty-day period? It seems to us that to ask this question is to answer it in the negative. In addition, the rights of the petitioner will not be prejudiced, as he has the right to present his claim for damages to a jury. We, therefore, hold that an appeal was taken by the county commissioners within the time prescribed by law, even though said appeal was not actually delivered to the clerk within the thirty-day period.

And now, to wit, Oct. 22, 1928, the rule to show cause why the appeal of the county commissioners from the report of viewers, in No. 1 of January Sessions, 1928, issued July 16, 1928, should not be stricken off is discharged, at the cost of the petitioner. Exception granted to the petitioner.

From Richard E. Cochran, York, Pa.